UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARCUS HAMILTON, WINTHROP EATON and MICHAEL PERRY, on their own behalf, and on behalf of a class of similarly situated prisoners | CIVIL ACTION<br><br>NO. 17-194-SDD-RLB |
| VERSUS | |
| DARREL VANNOY, Warden of Angola, ET AL. | |

**ORDER**

Before the Court is Plaintiff Michael Perry's Unopposed Motion to Appoint a Guardian Ad Litem. (R. Doc. 88). The motion is brought by Mr. Perry's counsel, who represent that Mr. Perry's mental illness has deteriorated since the inception of this litigation. The motion seeks appointment of Keith Nordyke as Mr. Perry's guardian ad litem pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.

"[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Whether an individual has capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1); *see Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006). There is no dispute that Mr. Perry lived in the State of Louisiana and is currently incarcerated at the Louisiana State Penitentiary. (*See* R. Doc. 88-1 at 4). Accordingly, his domicile is the State of Louisiana. *See Pardue v. Pardue*, 37 F.3d 630 (5th Cir. 1994) ("Ordinarily, courts presume that [a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.") (internal punctuation omitted)

Louisiana Code of Civil Procedure article 684 states: "A mental incompetent does not have the procedural capacity to sue." The relevant question, then, is whether the plaintiff is a "mental incompetent" under Louisiana law. Louisiana law does not define "a mental incompetent" or establish a standard for determining whether a person is mentally incompetent in the context of procedural capacity.[1] Consequently, the determination "is a conclusion of fact based upon evidence." *See Wales v. Maroma,* 589 So.2d 51, 51-52 (La. App. 1st Cir. 1991). Where other states' laws do not provide a definition or standard for determining whether a person has capacity to sue, other federal courts have considered whether the individual is mentally competent to understand the nature and effect of the litigation at hand.[2] Likewise, in this case, the Court finds the relevant inquiry is whether the plaintiff is mentally competent to understand the nature and effect of this litigation such that he can make rational decisions with respect thereto.

Plaintiff's counsel submit a declaration by a forensic psychiatrist, Dr. Sarah DeLand, who evaluated Mr. Perry's competence on March 4, 2020. (R. Doc. 88-2). Based on this evaluation, Dr. DeLand opines that "with reasonable medical certainty, that Mr. Perry does suffer from a

---

[1] *See* 1 *La. Prac. Civ. Proc. Article* 733 (2014 ed.) (citing *Wales v. Maroma,* 589 So.2d 51, 51–52 (La. App. 1 Cir. 1991)). Under article 684, an interdict clearly does not have procedural capacity to sue, unless one of the exceptions in subsection (B) of the article applies. However, the comments to article 684 indicate the term "mental incompetent" also includes a person who has not been interdicted. *See* La.Code Civ. Proc. art. 684 cmt. (c) ("Though a mental incompetent not interdicted has no procedural capacity to sue, if the defendant does not timely except thereto, the judgment rendered is not void, but only voidable.").

[2] *See Scannavino v. Florida Dep't. of Corrections*, 242 F. R.D. 662, 662-64 (M.D. Fla. 2007) (stating the relevant Florida statute does not define incapacity or incompetence, and "[i]n the context of federal civil litigation, the relevant inquiry is whether the litigant is mentally competent to understand the nature and effect of the litigation she has instituted." (internal quotation marks and citation omitted)); *U.S. v. One Parcel of Prop. Located at 9607 Lee Rd. 72, Waverly, Lee Cnty., Ala.*, 915 F.Supp.2d 1270, 1271-72 (M.D. Ala. 2012) (stating Alabama law does not provide a definition, and "[t]he court thus views the relevant inquiry to be whether there is sufficient evidence in the record to determine that Zellers is mentally impaired to the extent that he cannot understand the nature and effect of this litigation"); *see also Bodnar v. Bodnar,* 441 F.2d 1103, 1104 (5th Cir. 1971) (affirming the district court's dismissal of a suit without prejudice after the plaintiff "refused to submit to a mental examination for the purpose of determining whether she was mentally competent to understand the nature and effect of the litigation she had instituted, so that if needed a guardian ad litem could be appointed").

variety of serious mental illnesses and exhibited symptoms consistent with a diagnosis of schizoaffective disorder. He is having overt and impairing symptoms at this time, including hallucinations, delusions, and extreme thought disorganization, with flights of ideas, derailment, ideas of reference, and word salad." (R. Doc. 88-2 at 4). Dr. Deland further opined that "Mr. Perry is not able to participate with his lawyers and assist them in any meaningful way. He is not able to understand that there is a legal proceeding ongoing, nor is he able to understand how his lawyers are working with him. He is not able to effectively communicate at all due to his inability to process information and speak in a coherent manner." (R. Doc. 88-2 at 5). Given the foregoing, Dr. DeLand concludes that Mr. Perry should "be found incompetent with regards to the litigation at hand" and agrees that Mr. Perry requires the appointment of a guardian ad litem for these purposes. (R. Doc. 88-2 at 5).

Plaintiff's counsel also submit a declaration by Keith Nordyke highlighting his qualifications for appointment as guardian ad litem. (R. Doc. 88-3). Mr. Nordyke states that he represented Mr. Perry "in his post-conviction appeal before the United States Supreme Court" and "had regular contact with Mr. Perry throughout his post-conviction appeal until a final decision was rendered in 1992." (R. Doc. 88-3 at 2). Mr. Nordyke also served as Mr. Perry's appointed "general guardian" during his representation of Mr. Perry between 1986 and 1992. (R. Doc. 88-3 at 3). Among other things, Mr. Nordyke indicates his willingness to serve as guardian ad litem for Mr. Perry, that he will attend court hearings when possible and will consult with Mr. Perry's attorneys when needed, and that he has no interests adverse to those of Mr. Perry. (R. Doc. 88-3 at 4-5).

Given the foregoing, the Court concludes that Mr. Perry requires a guardian ad litem to protect his interests in this matter, and that Mr. Nordyke is a proper person to serve in that capacity.

**IT IS ORDERED** that Plaintiff Michael Perry's Unopposed Motion to Appoint a Guardian Ad Litem. (R. Doc. 88) is **GRANTED**. Mr. Keith Nordyke is **APPOINTED** to act as Mr. Michael Perry's guardian ad litem in this matter.

Signed in Baton Rouge, Louisiana, on March 23, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**